<hr />

## CIVIL SERVICE COMMISSION OF THE CITY OF EL PASO, Appellant,

v.

## Jose M. LEDEE, Appellee.

### No. 08–00–00201–CV.

Court of Appeals of Texas, El Paso.

May 10, 2001.

Laura P. Gordon, Asst. City Atty., El Paso, for Appellant.

John Andrew Wenke, John P. Mobbs, Attorney At Law, El Paso, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

CHEW, Justice.

The Civil Service Commission of the City of El Paso ("the Commission") appeals from the trial court's denial of its Plea to the Jurisdiction against a suit filed by Jose M. Ledee ("Ledee") for judicial

review of the Commission's decision to terminate his employment. The Commission brings three issues: (1) Does the district court have subject-matter jurisdiction to review the decisions of the Commission regarding an employee's continued employment in the absence of specific factual allegations of illegality or violation of the State or Federal Constitution? (2) May a district court substitute its judgment for that of an administrative agency on controverted issues of fact when there is substantial evidence to support the agency's finding? (3) Does an employee of the City of El Paso have the right to appeal an unfavorable ruling of the Civil Service Commission to the district court in the absence of allegations of a constitutional deprivation or that the decision affects some vested property right? We affirm the judgment of the trial court.

Ledee worked for the City of El Paso as a bus driver with Sun Metro from February 1992 to September 1997. On September 17, 1997, he had a conflict with two passengers, Ruben Fernandez and Ruben Montoya. Fernandez and Montoya tried to get on the bus with drinks, and Ledee told them to throw away the beverages. Fernandez and Montoya claimed that Ledee cursed and yelled at them and Ledee claimed vice versa. When the bus arrived at its destination at around 8:45 p.m., Ledee and Fernandez exchanged words, because the two men would not leave the bus and Ledee refused to call a supervisor or the police. Montoya ran off to call the police. Next, Fernandez grabbed Ledee's glasses from his shirt pocket and threw

them out of the bus. Ledee claimed that Fernandez was drunk and lost his balance, falling to the pavement and that he had tried to help him, but Fernandez rebuffed him. Fernandez insisted Ledee pushed him from the bus. Ledee drove a block away after the incident, before the police arrived, and called the dispatcher, who told him to make a report. Fernandez suffered a scraped knee, and both Fernandez and Montoya were taken to the emergency room.

Sun Metro terminated Ledee's employment after the incident, citing Ledee's conduct during the incident. Ledee appealed his termination to the Commission, which oversees El Paso's City Civil Service System and is authorized to hear grievances by or against classified employees of the city. The Commission assigned Ledee's case to Hearing Officer Bruce Ponder, who held a hearing on February 19–20, 1998.[1]

Both Ledee and the City were represented by attorneys at the hearing and presented a total of seventeen witnesses. The City presented the testimony of the police officers who investigated the incident, an eyewitness Richard Jeffery, Fernandez, the dispatcher, and various supervisors who dealt with the situation, including Jose Vallejo, the current superintendent of operations, in place of Terry Murphy, the former department head who made the decision to terminate Ledee.[2] Ledee was called to testify, and he also presented the testimony from nine other bus drivers who had similar trouble from Fernandez and Montoya in the past while operating the city buses.

1. Under the El Paso City Charter Article VI, sec. 6.1–5(E) & 6.1–17, the Commission has the power to appoint a "Hearing Officer" to hear appeals from city employees alleging violation of their rights. The hearing is much like a trial to the court, with the employee and the city both presenting witnesses, exhibits, and other evidence through attorneys, at their option. Afterwards, the hearing officer makes a written recommendation to the Commission on the matter, and the Commission has the option of accepting, modifying, or remanding the recommendation.

2. Murphy had left the City's employment and was unavailable to testify.

Ponder set out the facts and details of the testimony in a detailed twenty-one page written report after hearing the testimony and observing the witnesses' demeanor. Ponder thought Ledee's notice of termination made it clear that it was Ledee's physical assault of Fernandez that resulted in the termination, and that the evidence was not clear that such assault had actually occurred. Specifically, Fernandez's and Montoya's statements directly contradicted Ledee's accounting, and the only eyewitness, Richard Jeffery, gave equivocal answers, stating that two men had been attacking Ledee when there was no testimony from others that Montoya had ever assaulted Ledee. Ponder stated it was unclear whether Ledee had been reaching for Fernandez to keep him from falling or pushing him. Also, Fernandez and Montoya were acting consistent with their prior history. He concluded that suspension and not termination was appropriate.

After the City Attorney objected, the Commission rejected Ponder's findings and remanded the case to Ponder to reconsider the case after rehearing Jeffery's testimony and taking the testimony of former department head Terry Murphy.[3] In a supplemental report, Ponder replied that while he could appreciate why Murphy's testimony might be desirable, a repetition of Jeffery's testimony would not be useful and summarized Jeffery's testimony. He also stated that the hearing officer had the job of being the fact finder and that he had previously set out a comprehensive summary of Jeffery's testimony and his reasons for finding the testimony equivocal in the first report. Next, characterizing the Commission's remand as wanting "a second bite at the apple," he requested the

Commission remand the matter to him for the purpose of hearing the testimony of Terry Murphy only.

The Commission denied Ponder's request and upheld the original remand. Ponder recused himself from the case, and the Commission reassigned the case to Hearing Officer John Batoon, who held a rehearing on July 7–8, 1998. After hearing all the evidence, Batoon recommended that Ledee's termination be upheld.

On September 10, 1998, Ledee filed a petition alleging the Commission's decision was not reasonably supported by evidence and arbitrary and capricious. In response, the Commission filed a plea to the jurisdiction to seek dismissal of the case, but the trial court denied the plea on April 7, 2000.

The main thrust of the Commission's contention is focused on its second issue that judicial review of an administrative decision is impermissible. The Commission did not make any arguments on its first and third issues, stating merely that Ledee did "not allege any facts that suggest that the Commissions [sic] decision was illegal, capricious, arbitrary or violative of any constitutional right." Though the Commission provides no supporting argument, in the interests of justice, we will nevertheless address all three issues.

■■■ A plea to the jurisdiction is a dilatory plea challenging a trial court's authority to determine the subject-matter of the cause of action without defeating the merits of the case. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plaintiff has the burden to plead facts affirmatively showing the trial court has jurisdiction. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). Whether a trial court had subject matter jurisdiction is a legal

---

**3.** El Paso City Charter Article VI, sec. 6.13–8 states that once a Hearing Officer submits an opinion and recommendation, the Commis- sion may accept, modify, or remand the matter to the Hearing Officer for development of additional facts.

question reviewed under the de novo standard. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). A court deciding a plea to the jurisdiction must consider the pleadings and the relevant evidence when necessary to resolve the jurisdictional issues raised. *See Blue,* 34 S.W.3d at 555. The plea is granted only if the pleading, even after amendment, does not state a cause of action upon which to invoke the trial court's jurisdiction. *See Bybee v. Fireman's Fund Ins. Co.,* 160 Tex. 429, 331 S.W.2d 910, 917 (1960). The pleading is liberally construed in favor of conferring jurisdiction. *See Texas Ass'n of Bus.,* 852 S.W.2d at 446.

■ When the Legislature remains silent or denies a right of judicial review, administrative decisions may nevertheless be attacked in court if they adversely affect a vested property right or otherwise violate some provision of the State or Federal Constitution. *See Continental Cas. Ins. Co. v. Functional Restoration Assoc.,* 19 S.W.3d 393, 404 (Tex.2000). Generally, the implicated Constitutional provisions are Federal due process or State due course of law. *See Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 525 (Tex.1995); *Brazosport Sav. and Loan Ass'n v. American Sav. and Loan Ass'n,* 161 Tex. 543, 342 S.W.2d 747, 751 (1961).

Here, the El Paso City Charter lacks a specific provision outlining an employee's right to judicial appeal; therefore, in order for the trial court to have jurisdiction over the case, Ledee must be able to prove that the Commission's decision adversely affected his Constitutional right.[4]

■ The Commission first argues Ledee stated no facts to support the allegation that a constitutional violation had occurred. In the Plaintiff's Original Petition,

Ledee specifically alleged that after Hearing Officer Bruce Ponder had recommended that the Commission reverse the termination of Ledee's employment, the Commission remanded the case to Ponder after the City Attorney protested the decision. Ledee then stated that Ponder protested the remand and characterized the procedure as a "second bite at the apple." At a second hearing, Ledee's termination was upheld by Hearing Officer John Batoon, and that recommendation was accepted by the Commission. Ledee pled that not only were the Commission's findings unreasonable but that it was "arbitrary and capricious, and characterized by an abuse of discretion, or clearly an unwarranted exercise of discretion."

Clearly, Ledee is alleging that the Commission violated his due process rights when it refused to accept Hearing Officer Ponder's recommendation of suspension and subsequently accepted the recommendation of termination from Hearing Officer Batoon, to whom the case had been reassigned. Ledee did not specifically state that his due process rights were violated in stating those facts; however, that defect may be amended, and indeed, Ledee has filed Plaintiff's Second Amended Petition, in which he specifically alleges that his due process rights were violated under the facts alleged. We overrule the Commission's first point of error.

■ In its second issue, the Commission contends that Ledee seeks an impermissible review of the Commission's administrative decision to terminate an employee. We understand the Commission's argument to be that the trial court cannot substitute its judgment for that of the administrative agency because there was evidence to support the Commission's decision to terminate Ledee's employment. Unlike a motion for summary

---

4. El Paso City Charter Article VI, sec. 6.13–10 is the only relevant provision: "Nothing in this Charter shall be construed as denying or abridging any constitutional right of appeal."

judgment, a court does not reach the merits of a case when considering a plea to the jurisdiction. *See Texas State Employees Union*, 16 S.W.3d at 65. The Commission's argument seeks to reach the merits of the case and further neglects the premise that an administrative decision may be reviewed if it adversely affects a Constitutional right. Since a review of a plea to the jurisdiction does not reach the merits of a case, the Commission's second issue is without merit. We overrule the second issue.

The Commission contends in its third point of error that Ledee failed to allege a constitutional violation occurred or a vested property interest was affected. As stated above, we disagree and find that Ledee alleged the Commission violated his due process rights in upholding his termination. We overrule the Commission's third point of error.

Having overruled all three of the Commission's points of error, the judgment of the trial court denying the Commission's plea to the jurisdiction is affirmed.